IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-hc-02073-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CHARLES YATES, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the Court on Petitioner's motion for prehearing discovery, authorization for a retained expert to conduct a psychiatric or psychological examination of Respondent, and a scheduling order. For the reasons set forth in Petitioner's motion and accompanying memorandum, the Court GRANTS Petitioner's motion and ORDERS the following prehearing schedule:

(1) Discovery in this matter be reopened for a period of 120 days so that the parties may conduct any discovery allowed by the Federal Rules of Civil Procedure, including depositions or other authorized discovery through videoconferencing or other audio and/or visual means, with the exception that (absent an order of the Court) the parties shall limit any depositions to expert witnesses and Respondent. *See* Amended Standing Order of the Court In Re: Procedures for Commitments under 18 U.S.C. § 4248, 13-SO-2, ¶ 9 (limiting depositions in commitment hearings to expert witnesses and Respondents);

1

(2) The United States is authorized to retain an expert pursuant to Rule 26(a)(2) of the Federal Rules of Civil Procedure to conduct a psychiatric or psychological evaluation of Respondent, to include, if possible, an in-person interview or, if necessary, an interview conducted via videoconference;

(3) In the event the United States retains such expert, the expert's report shall be filed with the Court and served on respondent's counsel within 90 days of entry of the order allowing the United States' motion. The expert's report shall include the information prescribed by 18 U.S.C. § 4247(c), as well as the expert's curriculum vitae or other comparable documentation demonstrating the expert's qualifications;

(4) In the event Respondent retains an additional testifying expert, such expert's report and curriculum vitae/comparable documentation shall be filed by the same deadline and the report/examination are subject to the same parameters set forth in paragraph three;

(5) If either party intends to present expert testimony from a witness who is not required to provide a written report, the disclosures required by Federal Rule of Civil Procedure 26(a)(2)(C) are due 60 days from entry of this order.

(6) Motions to exclude testimony of any expert witness made pursuant to Federal Rules of Evidence 702, 703, or 705, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), *Kumho Tire Co. v.*

*Carmichael*, 526 U.S. 137 (1999), or similar case law, shall be filed not later than 21 days after the close of the supplemental discovery period. In conjunction with any such motion to exclude expert testimony or response thereto, the parties shall include where available all materials associated with the challenged expert, including resumes, reports, depositions, and objections to qualifications. Motions to exclude Rule 26(a)(2)(C) experts on the basis that such witness does not satisfy the standard for experts not required to provide a written report also must be filed 21 days after the close of the supplemental discovery period.

(7) Not later than 60 days before the close of the supplemental discovery period, the parties shall file a joint notice of proposed discharge hearing dates signed by counsel. The notice shall provide at least three sets of dates, which should, to the extent practicable, be no later than 90 days after the close of discovery, on which counsel, testifying experts, and all witnesses can be available for the hearing. The parties also should review the court's calendar to avoid conflict with matters already set, to the extent possible.

(8) Unless there is a pending motion to compel, the parties shall serve final prehearing disclosures pursuant to Federal Rule of Civil Procedure 26(a)(3) 28 days before the discharge hearing, and objections 21 days before the discharge hearing. The parties shall file a joint (or separate) final prehearing order(s) 14 days before the discharge hearing. No final

prehearing conference will be required unless the parties cannot agree on a final prehearing order or if otherwise ordered by the court.

SO ORDERED, this the 21 day of October, 2025.

/s/ Dever
JAMES C. DEVER III
United States District Judge

4