IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

5:08-HC-2073-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CONSENT ORDER OF |
| | ) | CONDITIONAL RELEASE |
| CHARLES YATES | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before the Court on a joint motion by the United States and

Respondent, Charles Yates, for entry of a consent order releasing Respondent from

his civil commitment on conditions pursuant to 18 U.S.C. § 4248(e)(2). For the reasons

below, the Court finds that Respondent would not be sexually dangerous if released

under a prescribed regimen of medical, psychiatric, or psychological care or treatment

and orders his conditional release on the terms set out below.

**BACKGROUND**

By Order dated 29 March 2012, Respondent was committed to the custody of

the Attorney General pursuant to 18 U.S.C. § 4248(d). [D.E. 57]. On 2 March 2018,

Respondent was ordered conditionally released. [D.E. 168]. Respondent physically

released from FCI Butner on 22 July 2019. [D.E. 219-1]. On 14 July 2020, Respondent

was returned to FCI Butner after having violated his terms of conditional release. On

18 July 2021, the Court found Respondent failed to adhere to his conditions and was

1

remanded to the custody of the Attorney General for further treatment. [D.E. 254]. On 19 September 2025, Respondent filed a motion for a review hearing pursuant to 18 U.S.C. § 4247(h). [D.E. 277]. Respondent's two selected experts, Dr. Joseph Plaud and Dr. Hy Malinek, as well as the government's expert, Dr. Mark Hastings, all determined that Respondent would not be dangerous if released under a prescribed regimen of medical, psychiatric, or psychological care [D.E. 277, 278, 287]. As such, the Parties mutually agreed to stay the review hearing proceedings and to continue all deadlines, noting that they intended to work toward a conditional release plan for Respondent.

After careful consideration of the experts' opinions and the record, the Parties consent to entry of this Order allowing for conditional release.

The Court has independently reviewed the experts' opinions and the entire record and finds that Respondent would not be sexually dangerous to others only if released under a prescribed regiment of medical, psychiatric, or psychological care or treatment. Therefore, it is hereby ORDERED, pursuant to the provisions of 18 U.S.C. § 4248(e)(2), that Respondent is conditionally released under the following specific conditions and regimen of care and treatment.

**Respondent shall:**

1. Be supervised by the United States Probation Office for the District of New Mexico (hereinafter "U.S. Probation," or "supervising U.S. Probation Officer") and comply with all of the standard conditions of supervision, any other conditions adopted by the supervising U.S. Probation Officer, and the specific

2

conditions set forth herein. In accordance with 18 U.S.C. § 3603(8)(A), the assigned supervising U.S. Probation Officer shall report Respondent's conduct and condition to the court and to the Attorney General or his designee.

2. Report in person to his supervising U.S. Probation Officer at the address provided by U.S. Probation/BOP within 48 hours of release from BOP custody, unless prior arrangements have been agreed upon by Respondent and the supervising U.S. Probation Officer (or designee).

3. Reside in a structured living environment (i.e., Residential Reentry Center "RRC"), Diersen Charities Residential Reentry Center, 2331 Menaul Blvd. NE, Albuquerque, NM, 87107 (505) 255-6213, or at another suitable RRC placement approved by U.S. Probation, once bed placement has been secured at that facility. The court anticipates placement no later than 60 days from the date of this Order, at the RRC located in New Mexico. Respondent shall abide by the rules and regulations of the RRC while residing at that location.

   a. This period of structured living shall last for a minimum of 150 days (5 months) and up to 365 days (12 months). It is a temporary stepping-stone until appropriate supports (e.g. occupational, medical, housing, treatment, counseling, case management, etc.) and arrangements in the community are secured and Respondent's supervising U.S. Probation Officer and treatment providers agree that it is appropriate to transition him to a less restrictive environment. Upon sustained compliance at no earlier than the 150-day mark, probation shall initiate Respondent's

3

transition in housing to other suitable and approved housing arrangements.

b. Respondent shall only live at residences pre-approved by U.S. Probation. If Respondent is required to move out of his approved residence due to unanticipated circumstances, he will notify U.S. Probation immediately.

4. Obtain preapproval from U.S. Probation for any proposed visitors at any of his places of residence.

5. Participate in the following aftercare treatment and support services:

a. Weekly attendance in comprehensive, group treatment for sex offenders commensurate with his assessed risk of re-offense and treatment needs, for a minimum of twelve (12) months, and then indicated by Respondent's sex offender treatment providers and agreed upon by U.S. Probation.

   i. This therapeutic group should be led by a clinician who has adequate experience in treating individuals at high risk of sexually offending and is approved by U.S. Probation. The clinician, with the approval of U.S. Probation, has the ability to modify the frequency of group treatment sessions.

b. Weekly attendance in individualized therapy for sex offenders, for a minimum of twelve (12) months, and then as indicated by Respondent's sex offender treatment providers and agreed upon by U.S. Probation. Respondent shall submit to a psychosexual evaluation in order for his

4

treatment providers and probation to determine the rate and frequency of Respondent's continued treatment.

    i.    This treatment shall be led by a therapist who is in the same practice as the sex offender group clinician, and who maintains communication with the group clinician as well as U.S. Probation. Further, this therapist should have adequate training, experience, and licensure to conduct individualized therapy with Respondent. The clinician, with the approval of U.S. Probation, has the ability to modify the frequency of individual treatment sessions.

    ii.    Respondent's treatment shall address the following dynamic risk factors: negative social influences, lack of emotionally intimate relationships, poor problem solving, sexual preoccupation, deviant sexual interest, resistance to rules and supervision, emotional regulation deficits, and other areas as clinically and theoretically appropriate and empirically supported. The treatment provider should use empirically supported methods for the treatment of high-risk sex offenders.

6. Follow the rules, regulations, and clinical recommendations of his sex offender treatment program.

7. Submit to clinical polygraph examinations, as directed by U.S. Probation and/or treatment provider(s). Respondent will have no less than two (2)

5

clinical polygraph examinations during his first year of release. No violation proceeding will arise solely on the result of the polygraph test as a means to determine compliance with conditions of supervision and the requirements of Respondent's therapeutic program, as directed by the supervising U.S. Probation Officer.

8. Comply with all aspects of his treatment plan developed by his treatment providers or other appropriate professionals. Should Respondent's supervising U.S. Probation Officer, in conjunction with his treatment provider, determine that he requires additional aftercare treatment services; to include psychiatric treatment and/or medication, the treatment provider shall refer Respondent to a qualified professional.

9. You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer will supervise your participation in the program (provider, location, modality, duration, intensity, etc.). Upon the recommendation of his substance abuse treatment providers or other mental health professionals, Respondent shall attend a minimum of 1 treatment meeting per week. This shall continue until his substance abuse treatment providers or other mental professionals no longer deem such attendance necessary.

10. Be subject to regular and random substance abuse testing, on a schedule to be established by U.S. Probation. Testing may include urinalysis, the wearing of a sweat patch, a remote alcohol testing system, an alcohol monitoring

6

technology program, and/or any form of prohibited substance screening or testing.

11. After successful completion of the Residential Reentry Center (RRC), Respondent shall participate in the Remote Alcohol Detection Program for a period of 180 days, using mobile breath-alcohol concentration detection technology, and must abide by all technology requirements. Testing shall not exceed more than four tests per day. You must follow all program rules as directed by the Court and/or the U.S. Probation officer. You may be financially responsible for loss or damage to any equipment. If after 120 days there has been no evidence of alcohol consumption, this testing requirement shall terminate.

12. Cooperate in the collection of DNA as directed by statute.

13. Answer truthfully all questions by U.S. Probation.

14. Permit his supervising U.S. Probation Officer to visit him any time at his residence or elsewhere, and permit confiscation of any contraband observed in plain view by his supervising U.S. Probation Officer.

15. Notify his supervising U.S. Probation Officer as soon as possible but no later than within 24 hours if he is arrested or questioned by a law enforcement officer.

16. If required by U.S. Probation, Respondent must notify any persons or organizations about his current conditional release status, in addition to his criminal and mental health history. U.S. Probation may contact such persons

7

or organizations to confirm Respondent appropriately notified such persons or organizations.

17. Comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.) as directed by U.S. Probation, the BOP, or any local, state, tribal or federal registration agency in the jurisdiction in which he resides, works or is a student.

18. Obtain written permission from U.S. Probation and a written safety plan from his sex offender treatment provider, which should include an approved chaperone, before attending any events where unsupervised minors may be present.

19. Submit to the search by U.S. Probation of his person, vehicle, office/business, residence, and property, including any computer systems and hardware or software systems, electronic devices, telephones, and Internet-enabled devices, including the data contained in any such items, whenever the supervising U.S. Probation Officer has a reasonable suspicion that a violation of a condition of supervision or other unlawful conduct may have occurred or be underway involving Respondent and that the area(s) to be searched may contain evidence of such violation or conduct. Other law enforcement may assist as necessary. Respondent shall submit to the seizure of contraband found by the supervising U.S. Probation Officer. Respondent shall warn other occupants these locations may be subject to searches.

8

20. Respondent is ordered to participate in cybercrime management and shall inform his supervising officer of any and all computer and internet-capable devices in his possession or that are accessible. This includes but is not limited to: desktop or laptop computers; smartphones; smart watches and tablets; smart appliances/Internet of Things (IoT) devices, including hub or personal assistance devices; and all network accessing devices, such as gaming systems. Respondent is ordered to inform the U.S. Probation Officer of his computer device(s), internet service provider (ISP), and any social medial user accounts including local and online services, both upon entering supervision and in the event that Respondent creates or receives new accounts. Respondent must allow the installation of monitoring software/hardware on any computer and internet-capable device at Respondent's expense, and must refrain from attempting to interfere with the operation of that software/hardware. Periodic searches shall be conducted to determine whether the monitoring software is functioning effectively after installation; and to determine whether there have been attempts to circumvent the monitoring software after installation. Respondent understand that the software will record all activity on any computer or internet-capable device(s), and Respondent shall inform any other users that said computer or internet capable device are subject to monitoring.

   a. Respondent shall not acquire or access any new or additional computer devices unless approved by the U.S. Probation Officer.

9

21. Respondent will allow the U.S. Probation Officer or their designee to conduct initial and periodic unannounced searches of any computer devices or networked systems used or possessed by Respondent. Initial searches of computer devices and networked systems will be conducted to determine if they contain or allow access to any materials or capabilities which would violate the Court's ordered conditions; or programs/applications, setting, configurations that would be problematic for monitoring and Cybercrime Management Program requirements. Periodic unannounced searches of these devices and systems will be conducted to verify that the monitoring software is functional,

22. Respondent may access publicly accessible computer devices for legitimate transactional purposes such as ATM machines, and point-of-sale terminals). With the approval of the U.S. Probation Officer, Respondent may also used specialized computer devices outside of the residence (i.e., employment agency, work search, and employers' computer devices) for their intended use.

23. Respondent's use of standard computer device(s) (desktop/laptop computers, smart phones/tables) is restricted to legitimate and necessary purposes. Examples of legitimate and necessary use are employment, education, religious activity, treatment services, medical services, communication with his attorney, legal obligations, and personal finance.

   a. Respondent shall not access Facebook, Instagram, TikTok, WhatsApp, KiK, or any online dating.

10

b. Respondent may be limited to two standard computer devices, unless otherwise approved by the U.S. Probation Officer

c. Respondent is responsible for all computer monitoring and/or management costs for any approved computer devices.

24. Waive any confidentiality and shall sign releases of information so that treatment providers, supervision officers, polygraph examiners, and others (as necessary) can communicate openly about his case and release conditions. Respondent shall sign all necessary releases to enable U.S. Probation to monitor his progress. The supervising U.S. Probation Officer may disclose the presentence report, any previous sex offender evaluations, mental health and/or substance abuse evaluations, and/or other pertinent treatment records to the treatment provider.

25. Must participate in and successfully complete location monitoring for a period of at least six (6) months and up to eighteen (18) months in the location monitoring program with the Active Global Positioning Satellite (GPS) technology under the home detention component. Respondent acknowledges this program will require a written weekly schedule which must be approved and verified by U.S. Probation.

26. Work at least 30 hours per week at a place of employment approved by U.S. Probation unless his supervising U.S. Probation Officer excuses him from doing so.

a. Respondent has expressed interest in working on his family's farm. US

11

Probation may determine if this is presently a suitable employment opportunity (i.e. adequate supervision, structured pay, meets the 30 hour per week threshold of hours, etc.).

b. Any change in Respondent's place of work or duties at work must receive prior approval from his supervising U.S. Probation Officer.

c. Employment and/or volunteer activities shall be carefully screened by U.S. Probation, in consultation with his treatment providers. His employer should be notified of relevant risk factors, as determined U.S. Probation.

d. Respondent's job or volunteer activities shall not:

    i. permit unsupervised entry into places of residence;

    ii. require mobility outside the immediate work area (e.g., tow truck driver, delivery driver, ride-sharing driver, etc.) unless pre-approved by his supervising U.S. Probation Officer;

    iii. permit direct contact with or the supervision of minors or persons who are physically or mentally disabled;

    iv. require handling or serving of alcohol;

    v. permit unsupervised access to the Internet or Internet-enabled devices.

e. If his job requires Internet access, additional conditions may be required (e.g., placing his workstation in view of others, installing monitoring/filtering software).

**Respondent shall not:**

27. Upon transition into permanent housing, reside with:

    a. Any adult female, with exception of his sister, without prior authorization by US Probation and in consultation with his treatment providers;

    b. Any minors. His residence also shall not be within 100 feet where minors congregate without parental or adult supervision;

    c. Anyone who presents a significant risk factor, sexual or otherwise (e.g., substance use or criminal involvement), as determined by US Probation.

28. Commit any federal, state, or local crime.

29. Knowingly leave the District of New Mexico or go to areas within the District of New Mexico specifically prohibited by the supervising U.S. Probation Officer without permission from the court or his supervising U.S. Probation Officer.

30. Respondent shall not associate with anyone, except while in a treatment program or structured living environment, who is known to be a sex offender or someone who condones or supports sexual abuse and exploitation of others, or any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13

31. Own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).

32. Have direct contact with children under the age of 18 years in an unsupervised manner, without prior approval from his treatment provider and/or U.S. Probation. If he does have unanticipated direct contact with children under the age of 18 years in an unsupervised manner without the permission of the supervising U.S. Probation Officer in conjunction with the treatment provider, he shall report this contact to the supervising U.S. Probation Officer within 24 hours. Direct unsupervised contact includes written communication, telephone communication, in-person communication, or physical contact. Direct contact does not include incidental contact during ordinary daily activities in public places.

33. Have any direct or indirect contact or communication with his victims or their families or go near or enter the premises where the victims or their families reside, are employed, attend school or treatment, except under circumstances approved in advance and in writing by the supervising U.S. Probation Officer. This also includes victim(s) disclosed in treatment, assessment and/or any other victim identified by the supervising U.S. Probation Officer.

14

34. Go to, or remain within 100 feet of school properties, athletic fields, parks, playgrounds, arcades, or other places used primarily by children under the age of 18 years old.

35. Loiter in public restrooms, or around any places where minors congregate.

36. Pursue any contact with unrelated women outside work, church or residence without the permission of U.S. Probation. This provision shall not be construed to prohibit incidental contacts.

37. Frequent, patronize, or be seen in or around places or establishments that promote sex trade or sell pornography. He shall not possess, view, or otherwise use any form of pornography including material depicting "sexually explicit conduct" defined as actual or simulated sexual intercourse, including genital-genital, oral-genital, anal-genital, or anal-anal, whether between person of the same or opposite sex; bestiality; masturbation; sadistic or masochistic abuse; and/or lascivious exhibition of the anus, genitals, or pubic area of any person. He shall not access Internet sites (e.g., dating websites), personal ads, apps, or other means of social media, to solicit anonymous or casual sexual encounters. He shall not seek out or intentionally view depictions of violent sexual conduct to include depictions found in mainstream media.

38. Solicit or engage in any sexual activity involving monetary exchange (e.g., prostitution) or any alternative forms of barter (e.g., in exchange for babysitting services, drugs, etc.)

15

39. Transport in his vehicle, nor solicit transportation from, any minors or adult females, unless otherwise approved by US Probation.

40. Frequent, patronize, or be seen in or around places or establishments in which the sale of alcohol is the primary source of income unless preapproved by U.S. Probation.

41. Consume or possess any alcohol, illicit drugs or related paraphernalia.

42. Knowingly purchase, possess, distribute, administer, or otherwise use, any psychoactive substances, unless explicitly prescribed by his treatment provider and used in accordance with his prescription.

43. Attempt to obstruct or tamper with substance abuse testing or monitoring methods.

44. Possess, view, or otherwise use any form of materials that promote offense supportive attitudes or are clearly demonstrative of previously identified dynamic risk factors including media primarily depicting children, media with children as the primary intended audience, and publications from organizations that are known to promote offense supportive attitudes (i.e. North American Man/Boy Love Association (NAMBLA)) as determined by U.S. Probation and treatment providers.

**Respondent understands and acknowledges:**

45. Respondent's failure to adhere to any of the conditions of his release may result in his return to custody for the court's review of his suitability for continued conditional release.

16

46. That it shall be the duty and the responsibility of the treatment provider(s) to promptly notify the supervising U.S. Probation Officer of any changes in the conditions set forth above, including any failure by Respondent to comply with treatment or cooperate with other requirements of the conditions listed above.

47. That the treatment provider or the supervising U.S. Probation Officer may, at any time, recommend medication or elimination of the regimen of medical, psychiatric, or psychological care or treatment, upon certification to this court that to do so would not create an increased risk of dangerousness or sexual re-offense. If a request to modify or terminate the conditions of release is made, the party so requesting shall submit a motion to this court, with adequate documentation supporting the request, and provide copies to the supervising U.S. Probation officer, the Office of the United States Attorney, Respondent's counsel, and the Warden of FCI-Butner.

48. That the U.S. Probation Office may seek modification of these conditions and Respondent may petition the court for modification of these conditions.

Pursuant to 18 U.S.C § 4247(e), the U.S. Probation Office shall file annual reports with the court, and provide copies to the United States Attorney, Respondent's counsel, and the Warden of FCI-Butner.

Upon receipt and verification of an Order of Conditional Release and prior to the actual date and time of release, the Bureau of Prisons shall notify the appropriate persons to schedule an arrival date, finalize the release paperwork, make transportation arrangements, arrange the initial

17

appointment for mental health aftercare and contact the supervising U.S. Probation Officer. The supervising U.S. Probation Officer shall notify the Court of the actual release date from FCI Butner. The Bureau of Prisons shall release Respondent after all release arrangements are satisfactory and complete.

This _1_ day of July 2026.

JAMES C. DEVER III<br>
United States District Judge

Case 5:08-hc-02073-D    Document 297    Filed 07/01/26    Page 18 of 18